E-FILED
Tuesday, 28 June, 2022  02:43:53 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEREMY KOSSMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 22-cv-3055-JBM |
| | ) | |
| **JANE DOE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff, who is incarcerated at Graham Correctional Center, proceeds *pro se* under 42 U.S.C. § 1983 on his complaint alleging deliberate indifference to his serious medical needs at the Adams County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff names as Defendants Nurse Jane Doe, Adams County, the Jail, the Jail's Health Care Provider, and unknown employees of the Jail and Health Care Provider.

Plaintiff alleges that he injured his right hand in a car accident on August 16, 2021 and was taken to the Jail the same day. During the intake process, Plaintiff told Defendant Nurse Jane Doe

that he injured his hand in a car accident and requested medical care, including but not limited to, pain medication, access to a doctor, and x-rays of his right hand. Nurse Jane Doe allegedly advised Plaintiff, who had violated his parole, that Jail policy prohibited her from sending him to an outside hospital for treatment because he was considered a flight risk. Plaintiff states that he was given an "ACE wrap" for his hand but received no pain medication or x-rays.

During the next 39 days, Plaintiff alleges that he was denied medical care, access to a doctor, and x-rays by the Jail, Nurse Jane Doe, and unknown employees of the Jail and its Health Care Provider. Plaintiff alleges that he suffered physical and emotional pain, was unable to close his fingers and bend his wrist, and could not sleep.

Plaintiff alleges that x-rays performed after his discharge from the Jail revealed that he had suffered a dorsal dislocation of his metacarpals from the third through fifth metacarpal bones, which was displaced dorsally up to approximately 15 mm. Plaintiff had surgery on his hand on December 15, 2021.

Plaintiff attempts to assert a *Monell* claim against the Jail and its Health Care Provider. He alleges that Defendants, acting under the color of State law, committed these violations pursuant to their widespread unconstitutional practice, policy, and/or custom of restricting, if not outright denying, follow-up care to detainees who had violated their parole or when such care was expensive. He alleges that Nurse Jane Doe was following the policy of the Jail and its Health Care Provider when she denied him medical care.

## ANALYSIS

As Plaintiff was a pretrial detainee when the alleged events occurred, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

2

Under the Fourteenth Amendment standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 353 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). The failure to refer is deliberately indifferent only if "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). Denying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

During the intake process on August 16, 2021, Plaintiff was seen by Nurse Jane Doe and given an ACE wrap for his hand. Plaintiff complains that Nurse Jane Doe did not provide pain medication or refer him to an outside doctor for further treatment or x-rays. It is unclear if Nurse Jane Doe was able to provide further medical treatment or had the authority to refer Plaintiff to an outside provider or if she plausibly failed to take reasonable steps to respond to Plaintiff's complaints during the intake process. Without more information, the Court is unable to discern if Plaintiff has stated a plausible deliberate indifference claim against Nurse Jane Doe. Therefore, Nurse Jane Doe is DISMISSED without prejudice for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to file an amended complaint within 30 days.

Plaintiff also fails to state a deliberate indifference claim against the John Does (Unknown Employees of the Jail and Health Care Provider). It is well-recognized that § 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff does not allege any facts to show that the unknown, unidentified employees caused or participated in the alleged events. *See Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Therefore, the John Does are DISMISSED without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend his complaint. Plaintiff is cautioned that the Clerk cannot serve unnamed, unidentified Doe Defendants. If he states a colorable claim against Doe Defendants in an amended complaint, Plaintiff is placed on notice that it will be his responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in their dismissal.

Plaintiff names the Adams County Jail, which is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter Cnty.*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) (" the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) The Jail is DISMISSED with prejudice.

Plaintiff also names Adams County as a Defendant, but the County is not liable simply because it employs Nurse Jane Doe. The doctrine of *respondeat superior* (supervisor liability) does

4

not apply to actions filed under § 1983. *Pacelli v. deVito*, 972 F.2d 871, 878 (7th Cir. 1992). The County of Adams is DISMISSED with prejudice.

Plaintiff claims that the Health Care Provider for the Jail is liable pursuant to *Monell  v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). Private corporations have potential liability under *Monell*  if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, the Health Care Provider cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). The Health Care Provider has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Salcedo-Vazquez v. Nwaobasi*, No. 13- 606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015)). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff must plead a sufficient factual basis for a *Monell* claim, as it is not enough to merely plead the legal elements of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011).

Plaintiff asserts that the Health Care Provider has a widespread practice, policy, and/or custom to restrict or outright deny follow-up medical care to detainees who violated their parole

or when such care is expensive. He does not identify an express policy or the particulars of an express policy. As a result, the Court views Plaintiff's complaint as asserting that the Health Care Provider allowed a custom of unconstitutional conduct by its employees. "To establish 'custom' for § 1983 purposes, the plaintiff must show 'a widespread practice that, although not authorized by written or express policy, is so permanent and well settled as to constitute a custom.'" *Dolis v. Loftus*, No. 08- 2085, 2011 WL 978916, at *13 (C.D. Ill. Mar. 17, 2011). To successfully plead liability based on custom, a plaintiff must allege that the corporate policymakers were "aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff." *Thomas v. Cook Cnty. Sheriff's Dep't,* 604 F.3d 293, 303 (7th Cir. 2010).

Plaintiff does not claim that other detainees who violated parole have been treated similarly and pleads only this single incident involving himself. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment were insufficient to establish a policy) (citing *Shields*, 746 F.3d at 796) (isolated incidents did not add up to a pattern of behavior that would support an inference of a custom or policy). Here, Plaintiff has failed to effectively plead the existence of a widespread custom to deny medical treatment to detainees who violated their parole. The Court finds that Plaintiff fails to plead a *Monell* claim against the Health Care Provider. As such, the Health Care Provider is DISMISSED without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend his complaint.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's complaint is dismissed for failure to state a claim pursuant Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Defendants Jane Doe, the John Does, and the unnamed Health Care Provider for the Jail are DISMISSED without prejudice. Plaintiff shall have the opportunity

to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace the complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in dismissal, without prejudice, for failure to state a claim.

2.      Defendants Adams County Jail and the County of Adams are DISMISSED with prejudice. The Clerk is directed to TERMINATE these Defendants as parties.

3.      Plaintiff's Motion to Request Counsel [4] is DENIED, with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers. If Plaintiff renews his motion for appointment of counsel, he is directed to provide copies of letters he received from prospective counsel or indicate whether they responded. *See Machicote v. Roethlisberger*, 969 F.3d 822, 826, 828-29 (7th Cir. 2020).

ENTERED:  6/28/2022

s/ Joe Billy McDade_____
Joe Billy McDade
United States District Judge